UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FELIX ESPOSITO )<br>and ACCESS WITH SUCCESS, INC., )<br>      Plaintiffs )<br>)<br>v. )<br>)<br>29 HANCOCK STREET LLC, and )<br>ADAMS INN FACILITIES, INC. )<br>      Defendants ) | CIVIL ACTION NO.: 05-10349WGY |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT PURSUANT TO RULE 15 (a)**

NOW COME the plaintiffs, Felix Esposito and Access with Success, Inc., by and through counsel, who hereby respectfully move pursuant to Fed. R. Civ. P. 15(a) for leave to amend their Complaint a second time by deleting Best Western International, Inc. as a party in this action.

The plaintiffs have determined that Best Western International, Inc. is not a necessary party to this action, because, on information and belief, Best Western International, Inc. has no control over the hotel premises in question. The other defendants, 29 Hancock Street, LLC and Adams Inn Facilities, Inc. are addressing the issues of access for disabled persons raised by the original complaint.

The plaintiffs amended their complaint "once as a matter of course" by filing a First Amended Complaint on May 18, 2005. By this amendment, the plaintiffs intended to delete Best Western International, Inc. as a party. Later in the day on May 18, counsel for the plaintiff received a voice message from counsel for Best Western International, Inc. He pointed out that the First Amended Complaint unfortunately had several stray references to Best Western International, Inc.

The attached Second Amended Complaint has eliminated all inadvertent references to Best Western International, Inc. The plaintiffs respectfully request leave to file the Second Amended

Complaint. Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires."

        Respectfully submitted,

        The Plaintiffs,

        ACCESS WITH SUCCESS, INC. and
        FELIX ESPOSITO,

        By their Attorneys,


        /s/Nicholas S. Guerrera_____
        Nicholas S. Guerrera, BBO#551475
        Shaheen Guerrera & O'Leary, LLC
        Jefferson Office Park
        820A Turnpike Street
        North Andover, MA 01845
        (978) 689-0800


        /s/Ann Marie Pattavina_____
        Ann Marie Pattavina, BBO#565910
        Law Office of Ann Marie Pattavina
        Two Dundee Park, 3rd Floor
        Andover, MA  01810
        (978) 247-7188


        /s/Michael J. Bellanti_____
        Michael J. Bellanti, BBO#645405
        Law Office of Michael J. Bellanti
        Two Dundee Park, 3rd Floor
        Andover, MA  01810
        (978) 247-7188

Dated: May 23, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FELIX ESPOSITO ) | |
| and ACCESS WITH SUCCESS, INC., ) | |
| Plaintiffs ) | CIVIL ACTION NO.: 05-10349WGY |
| ) | |
| v. ) | |
| ) | |
| ) | |
| 29 HANCOCK STREET LLC, ) | |
| ADAMS INN FACILITIES, INC. ) | |
| Defendants ) | |

## SECOND AMENDED COMPLAINT AND JURY DEMAND

### INTRODUCTION

This is an action seeking injunctive, declaratory and equitable relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, Article 114 of the Massachusetts Constitution, and Massachusetts General Laws, chapter 93 § 103. The plaintiffs, Felix Esposito and Access with Success, Inc. ("AWS"), through their counsel, bring this cause of action against Best Western Adams Inn and as causes of action allege as follows:

### PARTIES

1. The plaintiff, Access with Success, Inc., ("AWS") is a non-profit corporation organized and existing under the laws of the Commonwealth of Massachusetts. Its members are able-bodied individuals and qualified individuals with disabilities as defined by the ADA. Its members include Felix Esposito. Mr. G. David Iverson is also a member. Mr. Iverson who is a T8-9 complete paraplegic secondary to a gunshot wound. He relies completely upon a wheelchair for ambulation. Mr. Peter A. Spalluto, age 58, who is quadriplegic due to a swimming pool diving accident in 1966, is also a member. He always uses a wheelchair to

ambulate. Mr. Scott M. Frotton, age 41, is a founding member of AWS. Mr. Frotton has T7 paraplegia secondary to a spinal cord injury sustained in a construction site accident in 1998. He has a complete loss of sensory and motor function from his chest down. His condition is permanent. He always uses a wheelchair to ambulate. Mr. Francis DeVito is a Korean War veteran and a member of AWS. In 1953, he was injured by a grenade and gunfire in an ambush attack while his Marine unit was on patrol in Korea. His wounds were such that it became medically necessary to amputate his left leg above the kneecap. He requires the use of ambulatory devices for mobility, including a prosthetic leg and a crutch, when necessary, in order to ambulate. Raymond J. Aziz, age 62, is a member of AWS. He has a mobility impairment secondary to adult onset of diabetes. He requires the use of leg braces from ambulation. Norman P. Crescimano, age 42, is a member of AWS. He has multiple sclerosis and always uses a wheelchair for ambulation. Mr. Frank Salafia, age 66, is a member of AWS. He is hearing impaired and has a loss of vision in one eye. Amylee O'Beirne, age 24, is a founding member of AWS. She has had rheumatoid arthritis since early childhood. She frequently uses a wheelchair for ambulation. Dino N. Theodore, age 44 is a member of AWS. He suffered an accidental gunshot wound to the T7 vertebrae in 1981. He is paraplegic. He always uses a wheelchair. John Pattavina, age 55, is a member of AWS. He is globally aphasic due to a left sided massive stroke that occurred in 2002. He is right sided paralyzed and sometimes requires the use of a wheelchair for ambulation. Peter DiPalma, age 55, is a member of AWS. Mr. DiPalma is quadriplegic. Robert Brearley, age 50, is a member of AWS. He suffered a traumatic spinal cord injury in 1980. He always uses a wheelchair. Robert L. Smith, III is a member of AWS. He always uses an electric wheelchair due to the combined problems of muscular dystrophy and a traumatic pelvic fracture in 2000. All of the

above-named members of AWS are qualified individuals with disabilities within the meaning of the ADA and all other applicable federal and state statutes.

2. AWS is a civil rights group organized by individuals with disabilities to advocate for disabled persons' integration into society and equal access to all services, activities, programs, resources and facilities available to non-disabled persons. Its members are predominately, but not exclusively, individuals with various physical disabilities impairing mobility, vision and hearing. One of the primary purposes of AWS is to assure that places of public accommodation are accessible to, and usable by persons with disabilities. Title III of the ADA permits private individuals to bring lawsuits in which they can obtain court orders to stop discrimination on the basis of disability.

3. AWS and its members have suffered direct and indirect injury as a result of the defendants' actions or inactions as described herein. AWS also has been discriminated against because of its association with its members and their claims. The rights asserted by Mr. Esposito herein are germane to the organizational purpose of AWS and neither the claims herein, nor the relief requested would require individual participation by AWS members. The defendants' failure to comply with the ADA adversely affects the organizational purpose of AWS.

4. The plaintiff, Felix Esposito, resides at 5571 Lakeside Drive, 102, Margate, Florida, 33063. Mr. Esposito suffers from Neurological Conversion Reaction, a neurological illness that makes him dependant on a wheelchair for ambulation. He is a qualified individual with disabilities under the ADA and all other applicable federal and state statutes.

5. The defendant, 29 Hancock Street Limited Liability Company, (hereinafter "HSL") is a corporation organized under the laws of the state of Massachusetts. HSL is registered to do

business within Massachusetts as a Domestic Limited Liability Company. HSL has a principal place of business at 29 Hancock Street, Quincy, Massachusetts, 02171.

6.     The defendant, HSL, owns the hotel and real property known as Best Western Adams Inn, 29 Hancock Street, Quincy, Massachusetts, 02171.

7.     The defendant, Adams Inn Facilities, Inc., (hereinafter "AIF") is a corporation organized under the laws of the state of Massachusetts. AIF is registered to do business within Massachusetts as a Domestic Profit Corporation. AIF has a principal place of business at 29 Hancock Street, Quincy, Massachusetts, 02171.

8.     The Best Western Adams Inn is a place of public accommodation that is subject to the requirements of the Title III of the ADA.

9.     The defendant, BWI, is a private entity which operates a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(7)(E).

10.    The defendant, AIF, is a private entity that operates a public accommodation as defined in the Title III of the ADA, 42 U.S.C. § 12181 (7) (E).

## SYNOPSIS OF CAUSE OF ACTION UNDER ADA

11.    The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *42 U.S.C. § 12182(a).*

12.    The ADA public accommodations provisions also permit an individual to allege discrimination based on a reasonable belief that discrimination is about to occur. A plaintiff

with a disability need not engage in the "futile gesture" of attempting to gain access to each and every feature of a facility or place of public accommodation where access barriers are known to exist and where the owner or operator does not intend to comply with the provisions of the ADA. *42 U.S.C. § 12188(a)(1)*. The "futile gesture" provision extends so far as to allow a person who uses a wheelchair to challenge the *planned* construction of a new place of public accommodation, such as a shopping mall, that would not be accessible to individuals who use wheelchairs. The resolution of such challenges prior to the construction of an inaccessible facility would enable any necessary remedial measures to be incorporated in the building planning stage, when such changes would be relatively inexpensive.

12.  This case arises out of the defendants' unlawful practice of denying access to the facilities, goods and services offered at the Best Western Adams Inn to persons with disabilities.

## JURISDICTION

13.  The Court has primary jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343 in that this action arises under the laws of the United States and the defendants are subject to personal jurisdiction.

14.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §. 1367.

15.  Venue is proper in this Court under 28 U.S.C. § 1391, the claim having arisen in the Massachusetts.

16.  On September 7, 2004, Mr. Esposito stayed as a guest at Best Western Adams Inn and was denied access to the facilities, goods and services of Best Western Adams Inn due to

its lack of accessibility and a lack of compliance with the ADA's requirements regarding the removal of architectural barriers to access by persons with disabilities.

17.     Mr. Esposito intends to patronize Best Western Adams Inn in the future, but continues to be denied full and safe access to the hotel due to the violations that continue to exist there.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

18.     All events giving rise to this lawsuit occurred in the state of Massachusetts.

19.     On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C. § 12181 and 28 C.F.R. Part 36.

20.     The defendants have discriminated against the plaintiffs and continue to discriminate against the plaintiffs by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Best Western Adams Inn as prohibited by 42 U.S.C. § 12182(b)(2)(A)(iv) and by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. § 12183(a)(2).

21.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  The regulations are codified at 28 C.F.R. Part 36.

22.     Best Western Adams Inn and the various businesses therein are places of public accommodation subject to the provisions of Title III of the ADA.

23.      The Best Western Adams Inn web site located at **http:// bwadamsinn.com/** states: "Handicapped accessible rooms available."

24.     Mr. Esposito was a guest at the hotel in Room 118 on September 7, 2004. It was designated as and supposedly was a disabled accessible room, but really it was not.

25.     During his stay at Best Western Adams Inn, Mr. Esposito observed, encountered, and suffered discrimination as a result of architectural barriers to access at Best Western Adams Inn. He left the hotel and went elsewhere in search of an accessible room.

26.     Mr. Esposito wishes to return to Best Western Adams Inn as once the architectural barriers to access are removed.

27.      Upon arriving for his stay on September 7, 2004, Mr. Esposito observed and encountered the architectural barriers to access as set forth below.

28.     In the parking area, there are an insufficient number of spaces designated for disabled use, violating Sections 4.1.2 and 4.6.1 of the ADAAG.

29.     The disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2 and 4.6.3 of the ADAAG.

30.     There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

31.     The signs designating the disabled use spaces are not posted at sufficient heights, in violation of Section 4.6.4 of the ADAAG.

32.     The ramps provided from the parking areas to the facility have slopes, side-slopes and/or cross-slopes in excess of the limits prescribed in Section 4.8 of the ADAAG.

33.     The disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG.

34.     The doors at several of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

35. There are doors at the facility that lack the required maneuvering clearances violating Section 4.13.6 and Figure 25 of the ADAAG.

36. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.

37. Room 118 did not provide a 36-inch clear floor space on both sides of the bed in violation of Section 9 of the ADAAG.

38. There are areas for storage provided without the clear floor space prescribed in Sections 4.2 and 9 of the ADAAG.

39. The rooms for disabled use provide elements with controls/dispensers outside of the required ranges violating Sections 4.2 of the ADAAG.

40. The rooms for disabled use are not equipped with proper door hardware violating Sections 4.13.9 and 9 of the ADAAG.

41. The sinks in the restroom provided in the room designated for disabled use do not meet the requirements prescribed in Sections 4.24 of the ADAAG.

42. The grab-bars in the restroom provided in the room designated for disabled use do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

43. The fixtures in the disabled use room have controls that are not easily operated with a closed fist in violation of the ADAAG.

44. The rooms for disabled use provide elements not equipped for use by the hearing/visually impaired violating Section 9 of the ADAAG.

45. The rooms designated for disabled use do not provide a roll-in shower for use by the disabled, violating Section 9 of the ADAAG.

46.     There are an insufficient number of guest rooms for persons with hearing impairments in violation of Section 9.1.3 of the ADAAG.

47.     The disabled rooms are not dispersed among various classes of sleeping accommodations in violation of Section 9.1.4 of the ADAAG.

48.     The defendants have failed to remove barriers to access by persons with mobility disabilities at Best Western Adams Inn where such barrier removal is readily achievable.

49.     The defendants have failed to provide necessary auxiliary aids and services at Best Western Adams Inn where provision of such auxiliary aids and services would not pose any undue economic or architectural burden.

50.     The defendants have failed to modify policies and procedures at Best Western Adams Inn where required to ensure equal access for persons with disabilities.

51.     On information and belief, the plaintiffs allege that there are other violations present at Best Western Adams Inn and the businesses therein that will be more fully alleged upon discovery and further inspection.

52.     The defendants have failed to make efforts required under the ADA to remove such barriers to the extent readily achievable nor have the defendants complied with accessibility standards to the maximum feasible.

53.     The defendants have also, by maintaining such barriers, failed to comply with ADA and access requirements for areas of new construction or alteration.

54.     All alterations that could affect the usability of a facility must be made in an accessible manner to the maximum extent feasible.

55.     The actions and initiatives which the defendants have failed to undertake in order to make Best Western Adams Inn accessible to persons with disabilities are actions and initiatives that

would be readily achievable, required by law, and would greatly assist persons with mobility disabilities at minimal expense to the defendants.

56.     The defendants' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, the defendants will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which the plaintiffs have no adequate remedy at law.

        WHEREFORE, the plaintiff demands all compensatory and exemplary damages permitted by statute and all attorneys' fees and costs permitted by statute.

## COUNT II-MASSACHUSETTS GENERAL LAWS c.272 § 98

57.     The plaintiff repeats the preceding allegations as if set forth completely here.

58.     Under Massachusetts General Laws c. 272, § 98, "All persons shall have the right to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, resort or amusement subject only to the conditions and limitations established by law and applicable to all persons. This right is recognized and declared to be a civil right."

59.     As stated above in Count I, Felix Esposito has been denied equal access to a place of public accommodation in violation of his civil rights because of the above-described barriers to wheelchair access at the 29 Hancock Street Best Western Adams Inn.

60.     Until the above-described barriers to wheelchair access are removed from the 29 Hancock Street Best Western Adams Inn, the plaintiff will be denied equal access to a place of public accommodation in violation of his civil rights.

61.     The plaintiff, Felix Esposito, has met the administrative prerequisite of filing a claim in the Massachusetts Commission Against Discrimination ("MCAD") in regard to his present

cause of action under Massachusetts General Laws c. 272, § 98.  Mr. Esposito, through counsel, has requested that the MCAD release his claim for judicial determination in this Court.

WHEREFORE, the plaintiff demands all compensatory and exemplary damages permitted by statute and all attorneys' fees and costs permitted by statute.

### COUNT III – MASSACHUSETTS CONSTITUTION and G.L. c.93 § 103

62. The plaintiffs repeat the preceding allegations as if fully set forth here.

63. Article 114 of the Massachusetts Constitution prohibits discrimination on the basis of a person's disability within Massachusetts.

64. Implementing Article 114 to the Massachusetts Constitution, G.L. c.93 § 103, the Massachusetts Equal Rights Law, guarantees person with disabilities the same rights as other persons, such as the right to make contracts, to purchase personal property, to participate in lawsuits and to receive the full benefit and protection of the laws.

65. As described in Count I, the plaintiff has been excluded from full and equal participation in patronizing Best Western Adams Inn and the businesses therein to the same extent as non-disabled patrons.  Based upon the totality of the circumstances, Mr. Esposito has been denied the benefits afforded to non-disabled patrons.  He has been subject to ongoing discrimination by the defendants solely by reason of his disability as prohibited by Article 114 of the Massachusetts Constitution and G.L. c.93 § 103.

66. The plaintiff has been distressed and inconvenienced by the discriminatory actions of the defendants, including their failure to remove access barriers at Best Western Adams Inn and the businesses therein and their failure to modify policies and procedures to accommodate disabled customers such as Mr. Esposito.

67. The plaintiff's constitutional right to be free from discrimination in the Commonwealth of Massachusetts has been and continues to be violated by the defendants and he is therefore entitled to compensatory and exemplary damages for his injuries.

68. The plaintiff, Felix Esposito, has met the administrative prerequisite of filing a claim in the Massachusetts Commission Against Discrimination ("MCAD") in regard to his present cause of action under G.L. c.93 § 103. Mr. Esposito, through counsel, has requested that the MCAD release his claim for judicial determination in this Court.

WHEREFORE, the plaintiff demands all compensatory and exemplary damages permitted by statute and all attorneys' fees and costs permitted by statute.

**THE PLAINTIFFS DEMAND A JURY TRIAL ON COUNTS II AND III.**

Respectfully submitted,
The Plaintiffs,

ACCESS WITH SUCCESS, INC. and
FELIX ESPOSITO,

By their Attorneys,

/s/Nicholas S. Guerrera
Nicholas S. Guerrera, BBO#551475
Shaheen Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845
(978) 689-0800

        /s/Ann Marie Pattavina_____
Ann Marie Pattavina, BBO#565910
Law Office of Ann Marie Pattavina
Two Dundee Park, 3rd Floor
Andover, MA  01810
(978) 247-7188


        /s/Michael J. Bellanti_____
Michael J. Bellanti, BBO#645405
Law Office of Michael J. Bellanti
Two Dundee Park, 3rd Floor
Andover, MA  01810
(978) 247-7188


Dated:  May 23, 2005